

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 7, 1960

Honorable J. R. Owen
County Attorney
Williamson County
Georgetown, Texas

Opinion No. WW-771

Re: Whether the S.P.J.S.T. Rest
Home in Taylor, Texas, is
exempt from taxation.

Dear Mr. Owen:

Your letter of November 27, 1959, states:

"Kindly refer to your opinion number
WW-453. Subsequent to the time that
your above opinion was written, the
Board of Directors of the Supreme Lodge
of S.P.J.S.T. adopted a provision where-
by indigent occupants would be accepted
by the S.P.J.S.T. Rest Home at Taylor,
Texas. We are informed that at this time
there are no 100% charity patients at the
Home, however, if any applied, they would
be accepted.

"We have further been informed that the
Home's fee to its patients is $100.00 per
month, but that the Home now has several
patients whose only source of income is
old age pension. These patients pay only
$56.00 a month on the $100.00 fee and are
thus partially charity cases.

"The Rest Home takes the position that
in view of the above facts it has fulfilled
the third requirement of your above referred
to opinion. Our Commissioner's Court has
requested this office obtain a supplemen-
tal opinion from you whether under these
circumstances the property is tax exempt."

(Note: It is assumed that the property referred to in
the opinion request is real property. Section 7 of Article
7150, V.A.C.S., which exempts property belonging to institu-
tions of purely public charity, makes no mention of personal
property; therefore, such property is not exempt from taxation.
See Attorney General's Opinion No. O-5599.)

In holding that the S.P.J.S.T. Rest Home at Taylor, Texas, did not qualify for exemption as an institution of purely public charity, Opinion No. WW-453 stated:

"The Supreme Court of Texas in City of Houston v. Scottish Rite Benev. Assn., 230 S.W. 978, held that property is exempt from taxation if it is both owned and used exclusively by an institution of public charity. The court further stated that an institution was one of 'purely public charity' where, first, it made no gain or profit, second, it accomplished ends wholly benevolent, and third, it benefited persons, indefinite in numbers and personalties, by preventing them, through absolute gratuity, from becoming burdens to the State.

"From the information that you have presented, it is apparent that the property in question is owned and used exclusively by the S.P.J.S.T. Rest Home. The Rest Home conforms to the first two requirements of a 'purely public charity' as set forth in the foregoing case, but fails to meet the third requirement. Since the Rest Home does not accept any resident on a strictly charity basis, it does not benefit persons, indefinite in numbers and personalties, by preventing them, through absolute gratuity, from becoming burdens to the State."

An institution may qualify as one of purely public charity when it dispenses its service freely to persons in need of such services, whether they can pay or not, though such as are able to pay are expected to do so. See City of Palestine v. Missouri-Pacific Lines Hospital, Ass'n., 99 S.W.2d 311 (Tex.Civ.App. 1936, error ref'd.); W. V. Geppert, A Discussion of Tax Exempt Property in Texas, Baylor Law Review, Volume XI, No. 2. A tax exempt institution need not seek out its patients or charitable objects in the "highways and byways". Raymondville Memorial Hospital, et al. v. State, et al., 253 S.W.2d 1012 (Tex.Civ.App. 1952, ref. N.R.E.)

You state in your letter that the S.P.J.S.T. Rest Home is prepared to render service to charity cases on a strictly gratuitous basis, and that it is actually rendering partially charitable services in that it receives payment only in accordance

with the patient's ability to pay.  Consequently, it is the opinion of this office that the S.P.J.S.T. Rest Home qualifies as an institution of purely public charity, and that is real property is exempt from taxation.  This opinion supersendes Attorney Generals Opinion WW-453 (1958).

## S U M M A R Y

The real property owned by the S.P.J.S.T. Rest Home is entitled to tax exemption since the Rest Home qualifies and is functioning as a "purely public charity."

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
    Jack N. Price
    Assistant

By _____
    Leon F. Pesek
    Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
J. C. Davis
C. Dean Davis
Charles D. Cabaniss

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore